Mr. S. Dale Ousley Chairman Texas Board of Irrigators 1700 N. Congress Avenue Austin, Texas 78701
Re: Per diem for members of the Texas Board of Irrigators (RQ-1349)
Dear Mr. Ousley:
You ask whether members of the Texas Board of Irrigators are entitled to receive payment of actual travel expenses incurred in the performance of their official duties. The Texas Board of Irrigators was established by the passage of Acts 1979, 66th Leg., ch. 197, at 430 (article 8751, V.T.C.S). Section 3(g) of that act governs the payment of per diem and travel expenses to members of the board. Upon enactment, that section read as follows:
 (g) Each member shall receive as compensation for his or her services $25 a day for each day he or she is actively engaged in official duties in addition to actual travel expenses. (Emphasis added.)
In 1981, two years after the passage of the above-quoted language, in an effort to standardize per diem allowances for all Texas boards and commissions, the legislature adopted an omnibus per diem statute. That act, found at article 6813f, V.T.C.S., reads in pertinent part as follows:
 Sec. 2. (a) A member of a state board or commission is entitled to per diem relating to the member's service on the board or commission. The amount of the per diem is the amount prescribed by the General Appropriations Act.
. . . .
 Sec. 3. Each law prescribing the amount of per diem relating to membership on a state board or commission is suspended to the extent of a conflict with this Act. If the General Appropriations Act does not prescribe the amount of per diem to which a member of a state board or commission is entitled by law, the law prescribing the amount of per diem is not suspended by this Act. If a law imposes a limit on the number of days for which a member of a state board or commission is entitled to claim per diem, the limit is not suspended by this Act.
Shortly after article 6813f took effect, the attorney general interpreted its provisions as follows:
 the clear intent of article 6813f is to supersede conflicting provisions regarding per diem in statutes such as articles 4413(41) and 4515. In light of this, it is apparent that article 6813f not only should, but must prevail, to the extent of conflict, over these statutes.
Attorney General Opinion MW-388 (1981). Subsequently, the legislature amended the per diem provision for members of the Texas Board of Irrigators as follows:
 (g) Each member shall receive as compensation for his or her services an amount provided by the General Appropriations Act for each day he or she is actively engaged in official duties in addition to actual travel expenses. (Emphasis added.)
Acts 1985, 69th Leg., ch. 795, § 9.002, at 2819.
The current appropriations act prescribes per diem allowances as follows:
 Sec. 4. PER DIEM OF BOARD OR COMMISSION MEMBERS. a. As authorized by Section 2 of Article 6813f, Texas Revised Civil Statutes Annotated, the per diem of state board and commission members shall consist of (1) compensatory per diem at $30 per day; (2) actual expenses for meals and lodging not to exceed $75 per day; and (3) transportation.
 b. If a law enacted after Article 6813f authorizes per diem for members of a particular state board or commission, but does not specify the amount of the per diem, then the amount of the per diem shall be as listed in the preceding paragraph. (Emphasis added.)
General Appropriations Act, Acts 1987, 70th Leg., 2nd C.S., ch. 78, art. V, § 4(a), at 1082. This $75 limit on food and lodging expenses conflicts with the `actual travel expenses' allowed by the board's enabling act and gives rise to the current controversy.
In 1985, the attorney general clarified the combined effect of article 6813f, V.T.C.S., and the appropriations act on a particular board or commission's per diem provision.
 [T]he basic preemptive effect of article 6813f must depend primarily upon when it was enacted. As a general rule, when two statutes deal with the same subject, the most recently enacted statute prevails. Consequently, a statute which is passed subsequent to article 6813f and which concerns the amount of per diem a particular board's members are entitled to receive would create an exception to article 6813f with regard to that board or commission. Because section 4(l) of article V of the current Appropriations Act provides for per diem `[a]s authorized by Section 2 of article 6813f,' it does not apply to per diem established by other statutes, i.e., those enacted after article 6813f. The statute for the particular board and the board's appropriation would control.
Attorney General Opinion JM-382 (1985).
The 1985 amendment to the Board of Irrigators statute replaced the $25 a day compensatory amount of the original act with the reference to the amount authorized in the general appropriations act. The amendment retained the language authorizing `actual travel expenses.' This statutory reference to the appropriations act eliminates any argument that the legislature was unaware of the existence of the appropriations act and the conflict between the `actual travel expenses' of the board's statute and the monetary ceiling placed on food and lodging in the language of the appropriations act. In our opinion, the amendatory language reflects a legislative intent to reinstate `the actual travel expenses' that had been authorized by article 8751 before the enactment of article 6813f. Consistent with the reasoning of Attorney General Opinion JM-382 quoted above, it is our opinion that the 1985 amendment to article 8751 supersedes article 6813f to the extent of any conflict. Accordingly, the members of the Texas Board of Irrigators are entitled to reimbursement for their actual travel expenses incurred in connection with their service on the board.
 SUMMARY
The members of the Texas Board of Irrigators are entitled to receive reimbursement for their actual travel expenses incurred in connection with their service on the board.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lous McCreary Executive Assistant Attorney General
 Judge Zollie Steakly Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Karen C. Gladney Assistant Attorney General